IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 4:05-cr-40054-NJR |
| JAMES W. BOWLIN, JR., | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant James Bowlin was indicted in September 2005 on charges related to his role in a conspiracy to manufacture and distribute methamphetamine (Doc. 1). On June 5, 2006, United States District Judge James L. Foreman sentenced Bowlin to 235 months' incarceration, followed by a supervised release term of five years (Doc. 38).[1] Bowlin's supervised release term commenced on November 2, 2015, but was revoked on January 29, 2018, when the undersigned District Judge sentenced Bowlin to 27 months' incarceration for violating the terms of his release (Doc. 91). On June 12, 2019, Bowlin filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Federal Sentencing Guidelines (Doc. 98).

---

[1] This case was reassigned to United States District Judge G. Patrick Murphy in June 2007, and reassigned to the undersigned District Judge in February 2015, following Judge Murphy's retirement. Throughout post-conviction proceedings, Bowlin's sentence was eventually reduced to 126 months' incarceration; the other aspects of his sentence, including his supervised release term, were unchanged.

Section 3582(c) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In November 2014, the Sentencing Commission adopted Amendment 782, which reduced the base offense levels for certain drug quantities by two points. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015). But here, Bowlin is not entitled to a reduced sentence under these provisions because Amendment 782 does not apply to supervised release proceedings. *See, e.g.*, U.S.S.G § 1B1.10 ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."). Also, Bowlin was sentenced for violating the terms of his supervised release in January 2018, over three-and-a-half years after Amendment 782 became effective. Accordingly, the Motion to Reduce Sentence (Doc. 98) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  July 16, 2019**

    _____
    **NANCY J. ROSENSTENGEL**
    **Chief U.S. District Judge**